IN RE: George C. **DAHER**, Debtor.

**Case No. 10–17252**

United States Bankruptcy Court, N.D. Ohio, Eastern Division.

Signed 03/01/2016

John W. Gold, Sandusky, OH, for Debtor.

### SUPPLEMENTAL MEMORANDUM OF OPINION TO DOCKET NOS. 162 AND 168

Pat E. Morgenstern-Clarren, United States Bankruptcy Judge

This supplements the Memorandum of Opinion (as Amended) and Order in which the Court held Attorney John W. Gold in civil contempt for violating four court orders, one requiring him to hold funds in his IOLTA account and three requiring him to turn over those funds to the chapter 7 trustee after this Court held them to be property of the estate.[1]  After Attorney Gold appealed from the contempt Order, the District Court remanded it for this Court to conclude "the proceedings related to the contempt order and [finalize] its chosen sanctions."[2]

This Court then gave Attorney Gold an additional chance to comply with its orders.[3]  When he did not, the Court held a hearing on notice to the parties in interest to finalize the sanctions.[4]  Attorney Gold did not file a brief on the sanctions issue and did not appear at the hearing.  Amy Good, counsel for the United States trustee, and chapter 7 trustee Waldemar Wojcik and his counsel Lauren Helbling appeared.

### BACKGROUND

Almost two and a half years ago, this Court entered an agreed order that required Attorney Gold to deposit $51,032.37 held to that point by the State of Ohio into his IOLTA account and leave it there until this Court issued a further order.[5]  Later, the Court issued a judgment on the merits,[6] affirmed on appeal,[7] determining that the funds are property of the chapter 7 bankruptcy estate.  The chapter 7 trustee moved to compromise the dispute with the debtor and Attorney Gold by implementing a settlement agreement drafted by Attorney Gold that required him to turn over $32,722.37 to the trustee.  At the time, that amount of money would have paid all administrative expenses and creditor claims in full.  The Court granted the motion.  Attorney Gold first ignored the

---

1.  Main case docket 162, 168.

2.  U.S. District Court case no. 1:15CV2715, docket 12.

3.  Main case docket 193.

4.  Main case docket 197, 201.

5.  Main case docket 44.

6.  Adversary proceeding no. 13–1232, docket 23, 24.

7.  *Wojcik v. Gold (In re Daher)*, 522 B.R. 743 (6th Cir. BAP 2014).

chapter 7 trustee's demand that he sign the agreed-to settlement agreement and then actively refused to turn the funds over, arguing among other things that he had a lien against the funds. This Court rejected that argument in a July 21, 2015 order that Attorney Gold did not appeal.[8]

This went on for some time until the day came in August 2015 when, after multiple hearings, numerous filings, and considerable evasion, Attorney Gold admitted having taken some or all of the money out of his IOLTA account.[9] Ultimately, after notice and a hearing, the Court held Attorney Gold in civil contempt for violating the four Court orders. Sanctions are now imposed against Attorney Gold to compensate for damages caused by his non-compliance with these Orders and to encourage his compliance going forward.

## JURISDICTION

Jurisdiction exists under 28 U.S.C. § 1334 and General Order No. 2012–7 entered by the United States District Court for the Northern District of Ohio on April 4, 2012. This matter is a core proceeding under 28 U.S.C. § 157(b)(2) and it is within the Court's constitutional authority as analyzed by the United States Supreme Court in *Stern v. Marshall*, 564 U.S. 462, 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011) and its progeny.

## DISCUSSION

### I.

To gather the information needed to assess appropriate sanctions for Attorney

Gold's civil contempt, the Court required him to account for the property of the estate, which he refuses to do. Among other things, the accounting instructions in the Order required Attorney Gold to provide the date(s) on which he withdrew the funds from the IOLTA account, as well as to explain the "Distribution Statement" he claims to have given to the debtor George Daher.[10] This information is needed to assess how soon after depositing the funds into the IOLTA account Attorney Gold unilaterally withdrew the property of the estate and whether, and if so when, he gave any of the money to the debtor. Attorney Gold has this information, but refuses to provide it.

■ At this point, there are two sanction avenues available to the Court: (1) order the United States Marshals Service to take Attorney Gold into custody until he provides the information; or (2) take as established fact that Attorney Gold withdrew all of the funds by the end of the month in which he deposited them (or by October 31, 2013); and that Attorney Gold did not prove that he had given money that was property of the estate to the debtor.[11] At this point, the Court does not believe the unsworn statements made in Court by either the debtor or Attorney Gold concerning what transpired between them because their statements were incomplete, inconsistent, vague, and unsupported by reliable documentation,[12] in addition to the fact that Attorney Gold has not been forthcoming with this Court.[13]

---

**8.** Main case docket 120.

**9.** Transcript of hearing held on August 17, 2015, main case docket 132.

**10.** The KeyBank monthly statements for Attorney Gold's IOLTA account for the period from October 31, 2013 to August 31, 2015 produced at the hearing held on September 17, 2015 do not have this information.

**11.** KeyBank statement dated October 31, 2013.

**12.** Hearing held 9/17/2015.

**13.** *See, for example,* Attorney Gold's statements at a May 21, 2015 hearing where Attorney Gold spoke as if the money was still in his IOLTA account, when he was the only one who knew at that time that it was not.

Because the second option will resolve these issues and is less severe than the first option, the Court will take as established fact that Attorney Gold withdrew all of the funds by October 31, 2013 and did not give any funds to the debtor.

Attorney Gold also refused to account for why he did not disclose the actual amount of money he received from the State of Ohio ($53,161.27) as compared to the amount he represented to the bankruptcy trustee and this Court that he had received ($51,032.37). Because the fine imposed below will fully compensate the bankruptcy estate without resolving this issue, it is not necessary to impose a sanction for this additional failure.

The sanctions analysis that continues below is, therefore, based on the facts stated in the Court's Amended Memorandum of Opinion,[14] together with these additional facts:

Attorney Gold received at least $51,032.37 from the State of Ohio which was subject to this Court's order to deposit the money into his IOLTA account and leave it there until this Court issued a further order. Attorney Gold deposited the money into his IOLTA account on October 3, 2013. By the end of that month, Attorney Gold had removed those funds from his IOLTA account without a Court order and used them for his own purposes.

## II.

■ The Court earlier awarded the chapter 7 trustee attorney fees as a sanction to compensate the bankruptcy estate for expenses incurred as a result of Attorney Gold's behavior. The trustee's counsel filed a fee application for time incurred

through November 30, 2015.[15] Attorney Gold objected to the application without specifying anything he objected to, and requested an evidentiary hearing. When Attorney Gold did not appear at that hearing he forfeited his opportunity to present evidence on this issue.

At the hearing, the Court gave counsel for the trustee permission to update the application through the date of the hearing and also to apply for time spent addressing Attorney Gold's actions in state court. She has now done so,[16] requesting a total of $8,760.00 in fees and $77.37 in expenses for her services.

The Court has reviewed the applications under the lodestar method, which calculates a reasonable fee based on the number of hours reasonably expended multiplied by a reasonable hourly rate. *In re Boddy*, 950 F.2d 334, 337 (6th Cir.1991) (holding that a bankruptcy court must use the lodestar method in fee calculations). Based on that review, the Court finds that the expenses incurred were all the result of Attorney Gold's contemptuous acts and that the fees and expenses requested are reasonable. This sanction is imposed without limiting the trustee from requesting additional fees as are appropriate.

## III.

The United States trustee earlier asked this Court to sanction Attorney Gold by denying him any attorney fees from the bankruptcy estate and enjoining him from seeking to recover a lien in connection with the funds. The Court preliminarily decided that it did not need to grant this relief "because this Court has already ruled that Mr. Gold is not entitled to any fees from any funds that were the subject of the agreed order [requiring Attorney Gold to

---

14. Main case docket 168.

15. Main case docket 176.

16. Main case docket 207.

place the funds in his IOLTA account and leave them there]." [17]

This Court's belief that it did not need to tell Attorney Gold a second time what it had already told him once was apparently misplaced because, after this Court had ruled on the issues, Attorney Gold went to the state court seeking a different result, which caused the chapter 7 trustee to spend more time and money appearing in that court. As a result, the Court finds as a sanction that Attorney Gold is enjoined from seeking a determination in any other forum that he has any rights with respect to the funds that this Court determined to be property of the bankruptcy estate.[18]

### IV.

The best result in a chapter 7 case is the unusual case where the trustee collects all property of the estate, and after resolving all controversies, has enough money in the bankruptcy estate to pay administrative expenses and creditors in full, after which any surplus is returned to the debtor. If Attorney Gold had complied with this Court's orders, this would have been one of those cases. As a result of Attorney Gold's actions, however, there are no funds in the estate to pay anyone anything. The question then becomes what amount of money should be imposed as a fine in addition to attorney fees to compensate the chapter 7 estate for Attorney Gold's behavior?

If Attorney Gold had complied with this Court's orders, the bankruptcy estate would have had $32,722.37, which would

have paid in full the administrative expenses and creditors' claims. To insure that the estate is made whole, the Court imposes a sanction in the form of a fine in the amount of $32,722.37 which will return the trustee to the position he would have been in but for Attorney Gold's actions. That fine is to be paid to Waldemar Wojcik, chapter 7 trustee for the bankruptcy estate of George Daher. Payment of this fine in full will satisfy the Court's previous orders requiring Attorney Gold to turn the funds over to the trustee.

### V.

In an effort to encourage Attorney Gold to comply with this Court's Orders, the Court imposed a civil fine of $50.00 a day against him for every day that he failed to comply.[19] As of February 29, 2016, he owes $1,600.00 which is to be paid to the Clerk of the United States Bankruptcy Court, Northern District of Ohio at Cleveland.[20] Additionally, as that fine has been ignored by Attorney Gold to date and has not achieved its intended coercive effect, the fine amount is increased to $100.00 a day going forward until he resolves the contempt issue.

### *CONCLUSION*

The Court will enter a separate judgment reflecting this decision.

### *JUDGMENT IMPOSING SANCTIONS ON ATTORNEY JOHN W. GOLD*

For the reasons stated in the Memorandum of Opinion (as Amended) and Order

---

**17.** Main case docket 168.

**18.** *See* Memorandum of Opinion and Judgment entered on April 18, 2014 in *Wojcik v. Gold, et al. (In re Daher)*, Adv. No. 13–1232 (Bankr.N.D.Ohio), *aff'd*, 522 B.R. 743 (6th Cir. BAP 2014).

**19.** Main case docket 162, 187, 193.

**20.** This amount is calculated by counting the number of days that Attorney Gold failed to provide the accounting required under the November 30, 2015 order of contempt and then subtracting the days on which his motions for stay were pending before this Court and the District Court: December 15, 2015 to December 17, 2015 (3 days); January 9, 2016 to January 20, 2016 (12 days); and February 13, 2016 to February 29, 2016 (17 days).

as Supplemented,[1] and the Court having found Attorney John W. Gold to be in civil contempt by clear and convincing evidence, the Court enters judgment against John W. Gold and in favor of the United States trustee imposing these sanctions to compensate for damages caused by John Gold's non-compliance with Court orders:

1. The Court takes as established fact that:

a. Attorney Gold received at least $51,032.37 from the State of Ohio which was subject to this Court's Order to deposit it into his IOLTA account and leave it there until this Court issued a further Order;

b. Attorney Gold deposited the money into his IOLTA account on October 3, 2013; and

c. By October 31, 2013, Attorney Gold had removed those funds from his IOLTA account without a Court order and used them for his own purposes.

2. Attorney Gold is ordered to pay to chapter 7 trustee Waldemar Wojcik the sum of $8,760.00 in attorney fees and $77.37 in expenses to compensate him for obligations he incurred through February 25, 2016,[2] with the trustee retaining the right to file additional fee applications for time periods from that date forward.

3. Attorney Gold is enjoined from seeking any fees in any forum from the funds previously determined by this Court to be property of the bankruptcy estate;

4. Attorney Gold is fined $32,722.27, which is to be paid to trustee Waldemar Wojcik for the benefit of the bankruptcy estate; and

5. Attorney Gold is fined $1,600.00, which consists of $50.00 a day for each day on which he did not comply with this Court's order dated November 30, 2015. The fine is to be paid to the Clerk of the United States Bankruptcy Court for the Northern District of Ohio at Cleveland.

Additionally, to encourage Attorney Gold to comply with the judgment, he is fined $100.00 a day for each day from the date on which this judgment is entered until the day on which he complies with this judgment.

IT IS SO ORDERED.

---

1. Main case docket 162, 168, 208.

